Filed 10/20/20  P. v. Roark CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C090558 |
| Plaintiff and Respondent, | (Super. Ct. No. 62159806) |
| v. | |
| ROBERT LEE ROARK II, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Robert Lee Roark, II, has filed an opening brief asking this court to review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, for arguable issues in defendant's appeal from an order revoking his parole.  We find defendant is not entitled to *Wende* review and will dismiss the appeal as abandoned.

In September 2015, defendant was convicted of bringing a controlled substance or paraphernalia into a custodial setting (Pen. Code, § 4573).  After serving just over one

1

year in state prison, defendant was released on Post Release Community Supervision (PRCS) on December 23, 2017.

On August 28, 2019, the Placer County Probation Department filed a petition to revoke defendant's PRCS. The trial court subsequently found defendant did, in fact, violate his PRCS and ordered defendant to serve 140 days in county jail, awarding him 72 days of custody credit. Defendant appeals from that order.

Review pursuant to *Wende* or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493], is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545-546]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537 (*Ben C.*); *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*).) And the due process right to *Anders/Wende* review applies only in appellate proceedings in which a defendant has a previously established constitutional right to counsel. (*Serrano,* at p. 500; *Ben C.,* at pp. 536-537.) The constitutional right to counsel extends to the first appeal of right, and no further. (*Serrano,* at pp. 500-501.) Although a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his or her substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, a defendant is not entitled to *Wende* review in such an appeal when appointed counsel finds no arguable issues on appeal. (See *Serrano,* at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to Pen. Code, § 1016.5].)

The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Serrano, supra*, 211 Cal.App.4th at p. 501.) Applying *Serrano* here, we conclude that defendant has no right to *Wende* review of the order revoking his PRCS. And because defendant, despite having been advised by counsel of his right to file a supplemental brief within 30 days of the date of filing the opening brief, failed to file any

2

brief, we will dismiss defendant's appeal as abandoned. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278 [because postjudgment order appealed from is presumed to be correct, where defendant does not file a supplemental brief, the Court of Appeal may dismiss the appeal as abandoned].)

DISPOSITION

The appeal is dismissed.

 

 

HULL, Acting P. J.

We concur:

ROBIE, J.

RENNER, J.